Nicholson, C. J.,
delivered the opinion of the Court.
At the July Term, 1871, of the Chancery Court at Charlotte, Chancellor Nixon removed R. M. Baldwin from the office of Clerk and Master of that Court, and appointed his successor over the protest of Baldwin.
In his protest Baldwin insists, that because he was Clerk and Master of the Court when the Constitution of 1870 was adopted, he had a right to continue in office if the Chancellor failed to appoint his successor at the first term of the court after the election of the Chancellor under the new Constitution, *415 and as the Chancellor failed at the January Term, 1871, which was the first term, to appoint his successor, therefore he had no power at a subsequent term to do so. The Chancellor held that he had the constitutional power to make the removal and appointment at the July Term, 1871, and accordingly removed Baldwin, and appointed his successor, from which action Baldwin has appealed.
It appears from the record that Baldwin was appointed Clerk and Master by Chancellor Rose in September, 1866. His term of office had not, therefore, expired when the Constitution of 1870 was adopted. The necessary legal operation of the Constitution of 1870 was to put an end to the office then held by Baldwin, but to prevent any inconvenience that might arise from a change of the Constitution, special provision was made as to the time' when the several officers then in office should go out. By the first section of the schedule it was provided, when the offices of Governor, members of the General Assembly, and all officers elected at or after the general election of March, 1870, should expire. It was next provided that officers appointed by the courts should be filled by appointment, to be made, and to take effect, during the first term of the court held by judges elected under the Constitution of 1870. The next provision was, that all other officers shall vacate their places thirty days after the day fixed for the election of their successors under the Constitution.
It is obvious that the paramount object of this section of the schedule was to continue in office those *416 holding offices when the Constitution was adopted, and to fix a limit to their continuance.
Baldwin was an officer appointed by a court. By this section he was continued in office until the close of the first term of the court held by the Chancellor elected under the Constitution. He was therefore Clerk and Master during the January Term, 1871, that being the first term, and with the close of that term his office would have terminated, as the Chancellor made no new appointment, but for the provision in art. vii, s. 5 of the Constitution, which provides, that every officer shall hold his office until his successor is elected or appointed, and qualified.
Baldwin was therefore continued in office by the 'failure of the Chancellor to appoint his successor at the January Term, 1871, but this continuance was only to operate until his successor was appointed and qualified.
By art. vi, s. 13 of the Constitution, Chancellors have the power to appoint their Clerks and Masters, and under this section Chancellor Nixon had the power to appoint Baldwin’s successor. This power was in no wise interfered with or restricted by the first section of the schedule. That section was intended to limit the continuance of the Clerk and Master’s office, but not intended to make it imperative on the Chancellor to fill the office during that term or to deprive him of the power to do so afterwards.
It follows that there was no error in the action of the Chancellor, and the same is affirmed with costs.